**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0593n.06

No. 08-4026

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 21, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| **MICHAEL T. USZAK,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **SIDNEY NEISSER FREEMAN,** | ) |
| | ) |
| *Appellant,* | ) |
| | ) |
| v. | ) On Appeal from the Unite |
| | ) States District Court for the |
| **YELLOW TRANSPORTATION, INC., et al.,** | ) Northern District of Ohio |
| | ) |
| *Defendants,* | ) |
| | ) |
| and | ) |
| | ) |
| **LOCAL 407 TRUCK DRIVERS UNION,** | ) |
| **INTERNATIONAL BROTHERHOOD OF** | ) |
| **TEAMSTERS, CHAUFFEURS,** | ) |
| **WAREHOUSEMEN & HELPERS OF** | ) |
| **AMERICA; INTERNATIONAL** | ) |
| **BROTHERHOOD OF TEAMSTERS,** | ) |
| | ) |
| *Defendants-Appellees.* | ) |

---

**BEFORE:**    **COLE and COOK, Circuit Judges; COHN, District Judge.**[*]

**COHN, District Judge.**  This is a dispute over sanctions.  In the underlying case, Appellee

Yellow Transportation (YT) terminated the employment of plaintiff Michael T. Uszak (Uszak) and

Curtis Castle (Castle) after they got into a fistfight at work.  Uszak and his wife Judy (Mrs. Uszak)

---

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of
Michigan, sitting by designation.

(collectively, plaintiffs) sued YT, Appellees Truck Drivers Union Local 407 (Local 407) and the International Brotherhood of Teamsters (the IBT) (collectively, the unions), and YRC Worldwide (YRC). Plaintiffs made a hybrid claim against YT for wrongful termination under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and against Local 407 for violation of its duty of fair representation in the grievance of his discharge (together, 301/dfr). Uszak's theory was that the union and the company targeted him for a beating and termination because he won election as union steward against Castle, a member of the "ruling 'Hoffa' ticket." The district court disposed of the case on summary judgment against Uszak, a decision affirmed by this court in *Uszak v. Yellow Transp., Inc.*, No. 07-3918, 2009 WL 40002 (6th Cir. Jan. 7, 2009).

While the case was still in the motion stage, the district court found plaintiffs' attorney Sidney Freeman (Appellant) liable to Appellees for sanctions under Federal Rules of Civil Procedure 11 and 37(a) in the form of attorney fees in the amount of $13,414.50. A magistrate judge (MJ) recommended to the district court sanctions in the following amounts, displayed in tabular form, as reasonable attorney fees in a Report and Recommendation (MJRR) adopted by the district court:

|  | Attorney fees allowed on first applications | Attorney fees allowed on supplemental applications (for sanctions hearings after unsuccessful settlement conference) | Total fees before finding least severe sanction likely to deter (LSSLD) for Rule 11 violations | LSSLD for Rule 11 violations found to be $10,000, split 50/50; no reasoning or breakdown given | **FINAL AMOUNTS OF SANCTIONS** |
|---|---|---|---|---|---|
| Rule 11<br>Local 407<br>The IBT | $ 3,781.25<br>3,406.25 | $ 2,906.25<br>2,550.00 | $ 6,687.50<br>5,956.25 | $ 5,000.00<br>5,000.00 | $ 5,000.00<br>5,000.00 |
| Rule 37<br>YT | 1,400.50 | 2,014.00 | 3,414.50 | Not applicable | 3,414.50 |

| GRAND TOTAL | | | | | **$13,414.50** |
|---|---|---|---|---|---|

The record is not clear as to how the fees were apportioned between the Rule 11 issues.

Appellant now appeals. Appellees have waived briefing and oral argument.

## I. ISSUES ON APPEAL

Appellant raises three issues on appeal:

(1) Whether the district court erred in granting the unions $10,000 in sanctions where they jointly moved for Rule 11 fees based on plaintiffs' inclusion of a claim under 301/dfr for Mrs. Uszak, a non-union employee, and naming of the IBT as a defendant, and where plaintiffs amended the complaint by a court-established deadline;

(2) Whether the district court erred in concluding that YT was entitled to $3,414.50 in attorneys fees under Rule 37(a), where plaintiffs' refusal to sign medical releases resulted in the court's granting a motion to compel discovery; and

(3) Whether the district court erred in considering supplemental applications for attorney fees for conferences that took place after Appellees turned down Appellant's settlement offer of $7,500.

For the reasons that follow, we AFFIRM the district court's Rule 37 sanctions, including supplemental fees, totaling $3,414.50, and REVERSE the court's Rule 11 sanctions, including supplemental fees, totaling $10,000.00.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts and procedural history are from Appellant's brief and the record on appeal.

### A. The original complaint

The initial complaint was in two counts: (1) a 301/dfr count by Mr. and Mrs. Uszak against Local 407, the IBT, and YT; and (2) a Wrongful Discharge count under Ohio law by Mr. and Mrs. Uszak against YT.

**B.      The unions jointly move for sanctions**

On June 8, 2006, the unions certified mailing of notice of their intention to move for sanctions against plaintiffs and Appellant for violating Rule 11(b); they filed a joint motion eight days later, June 16.  The unions said that Mrs. Uszak could not bring a claim under 301/dfr because she was not a union employee, and the IBT did not owe a duty of fair representation to Uszak because it was not the certified bargaining representative of Uszak or any YT employee, nor a signatory to the NMFA.

**C.      The district court sets deadline for amending pleadings**

On June 16, 2006, the district court issued a case management order setting July 17, 2006, as the cutoff date for amending pleadings and adding new parties.

**D.      Plaintiffs move to amend complaint**

On July 17, 2006, plaintiffs moved to amend their complaint.  The amended complaint:

(1)      Dropped Mrs. Uszak from the 301/dfr claims in count 1;

(2)      Elaborated on the claims against YT for wrongful discharge in count 2;

(3)      Added count 3, a state claim by Mr. and Mrs. Uszak for assault against Curtis;

(4)      Added count 4, a state claim by Mr. Uszak for intentional tort against YT;

(5)      Added count 5, a state claim by Mrs. Uszak for loss of consortium, presumably

arising from the assault and intentional tort claims; and

(6)  Added count 6 (mislabeled "Fifth Count"), a state claim by Mr. and Mrs. Uszak for

punitive damages.

Three months later, the district court granted plaintiffs' motion to amend.

**E.  The district court imposes rule 37 sanctions upon granting YT's motion to compel discovery**

Also in July YT made a written discovery request that plaintiffs sign medical releases.

Plaintiffs refused to sign the releases on the basis that no such provision exists under the Federal

Rules of Civil Procedure and the requirement for blanket releases would violate their right to

confidentiality under the physician-patient privilege. On September 20, 2006, YT filed a motion to

compel discovery. Thirty-five days later, plaintiffs responded in opposition. After a status

conference regarding outstanding discovery disputes, the district court granted the motion; its order,

issued in late October, read in relevant part:

> Because Plaintiffs have put the physical and mental condition of Michael T.
> Uszak and Judy C. Uszak at issue in this case, and since, pursuant to R.C.
> § 2317.02(B)(1)(a)(iii), the physician-patient privilege is waived by the filing of a
> civil action as to communications historically and causally related to claimed
> physical and mental injuries, Plaintiffs are ordered to immediately sign and return the
> medical authorization and releases served upon them by Defendant Yellow
> Transportation. This Court notes the authority cited by Plaintiffs in their tardy
> response to Defendant's Motion to Compel, cited as *Mann v. University of
> Cincinnati*, 824 F. Supp. 1190 (S.D. 1993), is clearly distinguishable from the instant
> situation. In *Mann*, counsel for the University issued subpoenas to its own client
> seeking production of the plaintiff-student's medical records, without an order of
> court or the patient's releases. Here, Defendant, Yellow Transportation, provided the
> appropriate releases for Plaintiffs' signatures, and sought a court order after the
> executed releases were not returned. If Plaintiffs' counsel believed, after consultation
> with his clients, that certain information was privileged or beyond the scope of
> relevancy, he should have submitted a motion, rather than refuse to have his clients
> execute the documents. This Court agrees with the district judge in *Mann*, who
> opined that the existence of relevancy or privilege is not a unilateral determination

> for the attorney seeking the discovery, nor for the attorney representing the patient. *Mann*, *supra* at 1201. It is the Court's province to decide when a colorable privilege claim is asserted — upon consideration of an appropriately-filed motion to quash or motion for protective order.

The court found Appellant engaged in four months of unnecessary, obstructive delay in discovery by refusing to provide medical releases without pursuing good faith discussions with opposing counsel or raising the problem with the court pursuant to the Federal Rules and the court's case management order. The court said the existence of relevancy or privilege is not a unilateral determination for the attorney seeking discovery, nor for the attorney representing the patient, and Appellant could have filed a motion to quash or for protective order. The order went on to impose Rule 37 sanctions against Appellant only.

**F.      The district court grants the unions' joint motion for rule 11 sanctions**

In the order that imposed Rule 37 sanctions, the district court dismissed the second count of the amended complaint and imposed Rule 11 sanctions against Appellant only. The district court did not state the form of the sanctions. The court identified the following as the two "most egregious pleading infirmities":

(1)      Naming Mrs. Uszak as a plaintiff in a duty of fair representation claim when she is not a union member and has no standing under existing federal law; and

(2)      Naming the IBT as a defendant.

The district court offered no analysis of these issues nor any indication that it had considered plaintiffs' arguments from briefing or the status conference. The district court did note that although

the two deficiencies were cured by the filing of the amended complaint in July,[1] the original complaint was filed three months earlier and the amendment was not made until after defendants filed motions to dismiss and for sanctions.

The district court identified several more reasons for sanctions, including that the complaint was also brought against YRC, which was not the entity that employed Uszak.

**G.      The district court dismisses Mrs. Uszak and the IBT**

On January 11, 2007, the district court dismissed all of Mrs. Uszak's claims two months after plaintiffs moved for her voluntary dismissal.  On January 12, 2007, the court dismissed the case against the IBT immediately after Uszak moved for voluntary dismissal following receipt of answers to interrogatories.

**H.      Appellant offers sanction settlement**

On May 9, 2007, Appellant offered Appellees $7,500 to resolve the matter of sanctions but no settlement was reached.

**I.      The magistrate judge rules on the attorney fee applications**

On June 6, 2007, under an order of referral from the district court, the MJ held an evidentiary hearing on the fee applications submitted by attorneys for Appellees.  The next month the MJ issued a 28-page MJRR recommending sanctions as summarized in the table above.  As noted, the record is not clear as to how the MJ apportioned the awards of the sanctions between the two issues of Mrs. Uszak's 301/dfr claim and the naming of the IBT as a defendant.

---

[1] The court said the amended complaint eliminated from count 1any allegations against the IBT and any claims by Mrs. Uszak.

The MJRR stated that any fees related to "the naming of YRC Worldwide as a Plaintiff [sic]" would be considered but there was no further discussion and no indication that Rule 11 fees were assessed on this issue.

**J.      The district court grants summary judgment to YT and Local 407**

On June 18, 2007, the district court, as noted above, granted Local 407 and YT's motions for summary judgment, declining to exercise jurisdiction over the pendant state claims. This court affirmed.

**K.      The district court adopts the MJRR**

In July 2007 Appellant filed objections to the MJRR. One year later, the district court issued a two-paragraph order stating that it had reviewed *de novo* the MJRR and the issues raised in Appellant's objections, and it fully agreed with and adopted the MJRR.

### III.  BASIS FOR APPELLATE JURISDICTION

The district court exercised jurisdiction under 28 U.S.C. § 1331 and section 301 of the LMRA, 29 U.S.C. § 185. This court has jurisdiction under 28 U.S.C. § 1291. Notice of appeal was timely filed under Federal Rule of Appellate Procedure 4(a).

### IV.  ANALYSIS

**A.      Standards of review**

The Court of Appeals reviews the district court's Rule 11 and 37 determinations for abuse of discretion. *Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409, 417 (6th Cir. 1999) (Rule 11); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (Rule 37); *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1988) (Rule 37).

**B.    The law on sanctions**

   *1.    Rule 11*

   "By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge . . . formed after an inquiry reasonable under the circumstances . . . . the claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b).  If, after notice and a reasonable opportunity to respond, the district court finds a violation of the rule, it may impose an appropriate sanction on the attorney responsible.  *Id.* 11(c)(1).  The sanction, if imposed on motion and warranted for effective deterrence, may be for reasonable attorney fees and expenses resulting directly from the violation.  *Id.*  The order for sanctions "must describe the sanctioned conduct and explain the basis for the sanction."  *Id.* 11(c)(6).

   Rule 11 sanctions may not be imposed for conduct related to discovery that is subject to the provisions of, among others, Rule 37.  *Id.* 11(d).

   *2.    Rule 37*

   If a motion to compel discovery is granted, the court must, after affording an opportunity to be heard, require the party whose conduct necessitated the motion or the attorney advising such conduct to pay the movant reasonable expenses incurred in the motion, including attorney fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery, the opposing party's objection was justified, or other circumstances would make the award unjust.  Fed. R. Civ. P. 37(a)(5)(A).

**C.    Discussion**

1.      *Rule 11 claims*

The parties do not dispute that after notifying Appellant of their intent to seek Rule 11 sanctions, the defendants inexplicably waited only eight days before filing the sanctions motion with the district court. A motion for Rule 11 sanctions must be served under Rule 5 but "must not be filed or be presented to the court if the challenged . . . claim . . . is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). As the rule and our cases interpreting it make clear, "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). The district court never addressed this procedural failing, despite Appellant's having fairly raised the issue, and no basis exists for overlooking it. Irrespective of whether Appellant engaged in sanctionable conduct by including arguably frivolous claims in the complaint, Rule 11 sanctions remained unavailable due to the defendants' failure to comply with the safe harbor provision, with which we require "strict adherence." *Id.* Accordingly, we reverse the district court's Rule 11 sanctions award.

2.      *Rule 37(a) and YT's motion to compel*

Appellant says he should not have been sanctioned under Rule 37(a) because he was justified in supporting his clients' refusal to sign medical releases. He cites the physician-patient privilege under section 2317.02 of the Ohio Revised Code. Appellant downplays the relevant subsection of the Code—which the district court cited on the first page of the order granting the motion to compel and sanctions—that reads:

The testimonial privilege established under this division does not apply, and a physician or dentist may testify or may be compelled to testify . . . (a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, . . . (iii) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.113 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient.

Ohio Rev. Code Ann. § 2317.02(B)(1) (West 2004 & Supp. 2009). As the district court said in the order granting YT's motion to compel and sanctions, plaintiffs put their own mental and physical conditions at issue. And as the court observed later in the same order, Appellant engaged in four months of delay by refusing to provide medical releases without pursuing good faith discussions with opposing counsel or raising the problem with the court. We find nothing to fault in the district court's conclusion that if Appellant believed that certain information was privileged or beyond the scope of relevancy, he should have submitted a motion rather than refuse to have his clients execute the documents.

   5.   *Supplemental Fees*

Appellant challenges the awarding of supplemental attorneys' fees for work done on sanctions motions and conferences after an unsuccessful settlement conference in which he offered $7,500 to Appellees.

Because we have found no abuse of discretion in the district court's awarding of Rule 37 sanctions to YT, and because Appellant did not provide us with any information as to how much he offered specifically to YT, the supplemental fees of $2,014.00 already permitted to YT by the district court under Rule 37 are allowed.

It is not clear from the record how much of the final $10,000 awarded on Rule 11 sanctions represented supplemental fees but this question is now moot as we have reversed the entire amount.

## V.  CONCLUSION

For the foregoing reasons, the district court's award of Rule 37 sanctions of $3,414.50, which included $2,014.00 in supplemental fees, is affirmed, and the award of Rule 11 sanctions of $10,000 is reversed.